[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-11272

_____

D. C. Docket No. 06-60104 CV-DMM

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 5, 2008
THOMAS K. KAHN
CLERK

DOROTHY S. BOSTED,
a.k.a. Dorothy Irene Osbourne,

Plaintiff-Appellant,

versus

CELANESE AMERICAS CORPORATION
RETIREMENT MEDICAL PLAN,

Defendant-appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 5, 2008)

Before ANDERSON and BARKETT, Circuit Judges, and TRAGER*, District
Judge.

_____

*Honorable David G. Trager, United States District Judge for the Eastern District of New
York, sitting by designation.

PER CURIAM:

After oral argument, and careful consideration, we conclude that the judgment of the district court is due to be affirmed. We agree with the district court that plaintiff was not entitled to benefits under the medical plan assuming the 2005 plan governed. We note that plaintiff does not on appeal challenge the district court's interpretation of the 2005 plan. Because we conclude that plaintiff's claims are due to be rejected even if the 2001 plan were applicable, we need not decide which plan should govern. Under the 2001 plan, a former employee was "eligible to participate in this Plan if you are receiving long-term disability payments through the company's disability plan." We reject plaintiff's strained argument that, once coverage commenced under the foregoing language, the former employee would be entitled to open-ended medical coverage for all time, notwithstanding the fact that the employee was no longer eligible for long-term disability benefits. Such an unreasonable interpretation is not indicated by any language in the 2001 plan.[1] To the contrary, the plaintiff's interpretation is

_____

[1]The paragraph following the heading: "When Coverage Ends," does not indicate that the four circumstances there listed are the exclusive circumstances which would end coverage. For example, it is obvious that the plan does not intend continued coverage for a previously covered employee who lost long-term disability benefits because of a discovery that the employee had embezzled from the company, notwithstanding the fact that that circumstance does not comfortably fit within any of the four listed circumstances that would end coverage. Moreover, as indicated in the text, the unreasonable inference relied upon by plaintiff is belied by other language in the 2001 plan.

belied by the provision quoted above, namely that a former employee may be eligible to participate <u>if</u> she is receiving long-term disability payments. In other words, a former employee is eligible for medical coverage only if she is (present tense) receiving long-term disability payments.

Because judgment was appropriate for the company under the language of either plan, the judgment of the district court is

AFFIRMED.[2]

---

[2]We also conclude that the district court did not abuse its discretion in denying plaintiff's claim for statutory penalties.